**Doyle Bouldin REID, Jr.,
Petitioner–Appellant,**

v.

**Bobby BOONE, Warden; Attorney General of the State of Oklahoma, Respondents–Appellees.**

No. 01–6222.

United States Court of Appeals,
Tenth Circuit.

Dec. 20, 2001.

Before HENRY, BRISCOE, and MURPHY, Circuit Judges.

ORDER AND JUDGMENT *

HENRY, Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2). The case is therefore ordered submitted without oral argument.

■ Doyle Bouldin Reid, Jr., a state prisoner in the custody of the Oklahoma Department of Corrections proceeding pro se, seeks to appeal the district court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. In order to receive a certificate of appealability, Mr. Reid must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that the issues that he raises are debatable among jurists, that a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

■ The record indicates that Mr. Reid was convicted in the district court of Stephens County, Oklahoma of the first-degree murder of his mother, Deanna Black. Mr. Reid confessed to the killing. At trial, Mr. Reid asserted the defense of insanity.

After the Oklahoma Court of Criminal Appeals affirmed his conviction, Mr. Reid filed this action seeking a writ of habeas corpus. Mr. Reid argued that: (1) the prosecution failed to prove that he acted with malice aforethought and (2) that the

prosecution failed to rebut the evidence he offered in support of the insanity defense. According to Mr. Reid, the state courts' conclusion that the evidence was sufficient to support the conviction constitutes an unreasonable application of relevant federal law, and he is thus entitled to habeas relief. *See Cannon v. Gibson,* 259 F.3d 1253, 1259–60 (10th Cir.2001) (discussing what constitutes "an unreasonable application of federal law" pursuant to *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).

In rejecting Mr. Reid's challenge to the sufficiency of the evidence of malice aforethought, the magistrate judge pointed to Mr. Reid's confession. *See* Rec. vol. I, doc. 14, at 4 (Report and Recommendation, filed Mar. 29, 2001) (observing that Mr. Reid admitted retrieving a bayonet from his upstairs bedroom, hiding it behind his back, requesting his mother to stand up and give him a hug, and repeatedly stabbing her in the back) (citing *Reid v. State,* No. F–1999–1280 (Okla.Crim.App. Aug. 16, 2000)). The magistrate judge also cited Mr. Reid's statements that "I stabbed her, I choked her[,] I slit her throat." *Id.* at 5 (quoting Stephens County District Court Trial Rec. at 203).

■ As to the evidence regarding Mr. Reid's insanity defense, the magistrate judge observed that " 'Oklahoma law exempts from responsibility those who, at the time of the crime, are incapable of knowing the wrongfulness of their act.' " *Id.* at 6 (quoting *Ullery v. State,* 988 P.2d 332, 348 (Okla.Crim.App.1999)). Under Oklahoma law, the defendant has the initial burden of raising a reasonable doubt

---

* This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of

orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

as to his sanity at the time of the offense, but, if the defendant meets this burden, the prosecution must then prove the defendant's sanity beyond a reasonable doubt. *See id.* at 6–7 (citing *McGregor v. State,* 885 P.2d 1366, 1376 (Okla.Crim.App.1994)). Importantly, Oklahoma law does not distinguish between lay and expert testimony on this issue. Thus, "[a] jury can disregard entirely the testimony of psychiatric or medical experts and find sanity from the testimony of lay witnesses alone." *McGregor,* 885 P.2d at 1376, *see, e.g., Ullery,* 988 P.2d at 349 (affirming the jury's rejection of an insanity defense in spite of expert testimony as to the defendant's "brain disorder combining severe depression with psychotic symptoms" and relying on circumstantial evidence regarding the crime and the defendant's statements to the police to support this conclusion).

The magistrate judge concluded that the evidence regarding Mr. Reid's sanity was conflicting. However, he reasoned, the jury was entitled to weigh that evidence and draw its own conclusion about Mr. Reid's mental state.

Upon review of the record and the applicable Oklahoma law, we agree with the analysis of the magistrate judge and the district court. The evidence identified by the magistrate judge is sufficient for a reasonable jury to have concluded beyond a reasonable doubt that Mr. Reid acted with malice aforethought.

■ As to the insanity defense, we note that the prosecution called a forensic psychologist (Dr. John Call) as an expert witness. Dr. Call testified that, at the time of the killing, Mr. Reid was suffering from "a substance induce[d] psychotic disorder" that included hallucinations. *See* Trial Tr. at 222. However, Dr. Call further testified that Mr. Reid knew that he was committing a murder and knew that it

was wrong. *See id.* at 225–26. The jury was properly instructed that the prosecution was required to prove that the murder was committed with malice aforethought, that "if sufficient evidence has been presented to raise a reasonable doubt as to [the defendant's] sanity, the [prosecution] has the burden to prove beyond a reasonable doubt that the defendant was sane at the time of the commission of the acts or omissions that constitute the crime," and that "[i]f you find that the [prosecution] has failed to sustain that burden, then the defendant must be found not guilty by reason of insanity." Stephens County District Court Original Record, at 308–311. In light of those instructions, a jury could reasonably rely on Dr. Call's testimony to reject Mr. Reid's defense. *Cf. Acosta v. Turner,* 666 F.2d 949, 958 (5th Cir.1982) (citing expert's testimony that "a person could be psychotic and still know right from wrong" and affirming the jury's rejection of an insanity defense).

Accordingly, we DENY Mr. Reid's application for a certificate of appealability and DISMISS this appeal.